IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTINE RODRIGUEZ and AMBER MICH, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EXAMITY, INC.,<br><br>Defendant. | No. 21-cv-2081<br>Judge Franklin U. Valderrama |

### ORDER

Plaintiffs Christine Rodriguez (Rodriguez) and Amber Mich (Mich) (collectively, Plaintiffs), bring this proposed class action against Examity, Inc. (Examity) for alleged violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/15 (BIPA). R. 17, Am. Compl.[1] Specifically, Plaintiffs allege violations of sections 14/15 (a) and (b) of BIPA, on behalf of themselves and the proposed class. *Id.* ¶¶ 79–101. Before the Court is Examity's motion to stay discovery pending the Illinois Supreme Court's decisions in *Tims v. Black Horse Carriers*, Case No. 127801 (Ill.), and in *Cothron v. White Castle*, Case No. 128004 (Ill.), and following resolution of Examity's pending motions to dismiss and to strike, *see* R. 28, 30. R. 59, Mot. Stay. Plaintiffs oppose Examity's motion to stay. R. 63, Resp. For the reasons set forth below, Examity's motion to stay is denied.

District courts have the inherent power to control their own dockets, including the power to stay proceedings before them. *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). How best to manage the court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). In evaluating whether to exercise their discretion to stay proceedings, courts consider (1) whether a stay will simplify the issues in question and streamline the trial; (2) whether a stay will reduce the burden of litigation on the parties and on the court; and (3) whether

---

[1] Citations to the docket are indicated by "R." followed by the docket number and, where necessary, a page or paragraph citation.

a stay will unduly prejudice or tactically disadvantage the non-moving party. *In re Groupon Derivative Litigation*, 882 F. Supp. 2d 1043, 1045 (N.D. Ill. 2012) (citations omitted).

Applying those principles here, a stay is not warranted. Examity initially argues that the Illinois Supreme Court's decision in *Tims v. Black Horse Carriers*, Case No. 127801 (Ill.) could decide that a one-year statute of limitations applies to all BIPA claims. R. 60, Memo. Stay at 4. Consequently, insists Examity, the *Tims* Illinois Supreme Court decision could render Rodriguez's claims untimely and significantly reduce the proposed Classes/Subclasses in this case. *Id.* Yet, the Illinois First District Appellate Court has already spoken on this issue in *Tims*. 2021 WL 4243310. There, the court established a 5-year limitations period for BIPA claims under 740 ILCS 14/15(a), (b), and (e), and a 1-year limitations period for BIPA claims under 740 ILCS 14/15(c) and (d). 2021 WL 4243310, at *6. Under the First District's holding, Rodriguez's and the class claims remain intact. And while the Illinois Supreme Court's decision in *Tims* is pending, the decision from the Illinois Appellate Court controls, to the extent there are not persuasive indications that the Illinois Supreme Court would rule differently. *See Nationwide Agribusiness Ins. Co. v. Dugan*, 810 F.3d 446, 450 (7th Cir. 2015). Examity has not identified any persuasive indications that the Illinois Supreme Court will decide the limitations issues differently than the Illinois Appellate Court, so the *Tims* Illinois Supreme Court decision is not a basis to stay discovery. *See, e.g., Horn v. Method Prod., PBC*, 2022 WL 1090887, at *5 (N.D. Ill. Apr. 12, 2022) (Ellis, J.); *Martinez v. Ralph Lauren Corp., Inc.*, 2022 WL 900019, at *7 (N.D. Ill. Mar. 27, 2022) (Chang, J.); *Boyd v. Lazer Spot, Inc.*, 2022 WL 557293, at *1 (N.D. Ill. Feb. 23, 2022) (Lefkow, J.).

Along similar lines, Examity argues discovery should be stayed because the Illinois Supreme Court has now accepted the certified question in *Cothron v. White Castle*, Case No. 128004, as to when BIPA claims accrue, and the statute of limitations begins to run. Memo. Stay at 4. Examity posits that the accrual question before the Illinois Supreme Court in *Cothron* will impact the size and scope of Plaintiffs' class, as well as discovery related to that class. *Id.* (citing *Treadwell v. Power Sol. Int'l, Inc.*, 2021 WL 5712186 at *3 (N.D. Ill. Dec. 2, 2021) (Valderrama, J.)). While Examity is correct that the Court has previously granted stays based on the pending *Cothron* accrual decision, Plaintiffs direct the Court to the recent Illinois Appellate Court's decision in *Watson v. Legacy Healthcare Fin. Servs., LLC*,[2] 2021 IL App (1st) 210279. Resp. at 63. In *Watson*, the First District held that "the plain language of [BIPA] establishes that it applies to each and every capture and use of plaintiff's fingerprint or hand scan." 2021 IL App (1st) 210279, ¶ 46. The size and scope of the class is, therefore, not depleted by *Watson*. Thus, like with *Tims*, the decision from the Illinois Appellate Court in *Watson* controls unless there are

---

[2]The *Watson* decision was issued on December 15, 2021, after the Court granted stays in *Treadwell* and *Donets. Donets v. Vivid Seats LLC*, 2020 WL 9812033 (N.D. Ill. Dec. 15, 2020); *Treadwell*, 2021 WL 5712186 (N.D. Ill. Dec. 2, 2021).

2

persuasive indications that the Illinois Supreme Court would rule differently in *Cothron*. *See Dugan*, 810 F.3d at 450. Defendants have not asserted any such persuasive indications here, so the *Cothron* case is not a reason to stay discovery. *See also Horn*, 2022 WL 1090887, at *5.

Examity finally asks the Court to stay discovery pending its motion to dismiss and motion to strike because a key issue in the litigation is whether Plaintiffs' universities, and in turn, Examity, are exempt from BIPA. Memo. Stay at 5. Examity maintains that denying a stay while the motion to dismiss on that topic is pending could "have the unintended effect of encouraging 'unnecessary litigation of the same issues.'" *Id.* (citing *Munson v. Butler*, 776 F. App'x 339, 342 (7th Cir. 2019)). However, motions to dismiss frequently involve key issues in litigation; that fact alone does not mean a stay is warranted. *See Witz v. Great Lakes Educ. Loan Servs., Inc.*, 2020 WL 8254382, at *1 (N.D. Ill. July 30, 2020) (citing *SK Hand Tool Corp. v. Dresser Indus., Inc.*, 852 F.2d 936, 945, n.11 (7th Cir. 1988)).

In sum, a stay of discovery is not called for here because Examity has not persuaded the Court that a stay pending the *Tims* and *Cothron* cases, or the motions to dismiss and strike, will simplify the issues in question, streamline the trial, or reduce the burden of litigation on the parties and on the Court. *See Groupon*, 882 F. Supp. 2d at 1045.

Examity alternatively proposes limiting discovery to the Plaintiffs' individual claims, pending the Illinois Supreme Court decisions and resolution of Examity's motion to dismiss and motion to strike. Memo. Stay at 6. However, Examity's alternative proposal fares no better because the Court agrees with Plaintiffs, *see* Resp. at 12–13, that bifurcating class and merits discovery could waste judicial resources and prejudice Plaintiffs under these circumstances.

For the foregoing reasons, the Court denies Examity's motion to stay [59]. The parties shall proceed with discovery and shall file a joint status report within seven days of the Illinois Supreme Court issuing a decision in the *Tims* or *Cothron* cases.

Date: May 5, 2021

United States District Judge
Franklin U. Valderrama

3